Gloria Estela **CASTILLO– FUNES**, Petitioner,

v.

Eric H. **HOLDER**, Jr., Attorney General, Respondent.

Nos. 08–70254, 08–72500.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 18, 2011.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hector Ricardo Ortega, Ortega, Canossa & Associates, PLC, Los Angeles, CA, for Petitioner.

David Nicholas Harling, Trial, U.S. Department of Justice Office, of Immigration Litigation, Jeffery R. Leist, Trial, OIL, David V. Bernal, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Gloria Estela Castillo–Funes, native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals' ("BIA") order summarily affirming the an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") (No. 08–70254), and of the BIA's denial of her motion to reconsider (No. 08–72500). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review for abuse of discretion the BIA's denial of a motion for reconsideration. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review as to No. 08–70254. We deny the petition for review as to No. 08–72500.

Even if Castillo–Funes is credible, substantial evidence supports the IJ's finding that she failed to establish a nexus between the harm she suffered and a protected ground. *See Elias–Zacarias*, 502 U.S. at 481 & n. 1, 112 S.Ct. 812. Accordingly, Castillo–Funes's asylum claim fails.

Because Castillo–Funes failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence also supports the IJ's denial of CAT relief because Castillo–Funes has not established that she will be tortured by or with the acquiescence of the El Salvadoran government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We lack jurisdiction to address Castillo–Funes's contention that she was prevented from establishing her eligibility for asylum due to her husband's absence from the hearing because the argument is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

The BIA did not abuse its discretion in denying Castillo–Funes's motion to reconsider because even in light of our decision in *Mendoza–Mazariegos v. Mukasey*, 509 F.3d 1074 (9th Cir.2007), there is no legal or factual error in the agency's prior decision. *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1).

**No. 08–70254: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 08–72500: PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.